FRANK GRIFFIN'S EX'R, ET AL., *v.* GEORGE H. BARNES.

**Decedent's Estate—Claims for Interest.**

No interest accruing after his death will be allowed against decedent's estate unless the claim is verified and demand made of the executor or administrator within one year after his appointment.

**Note and Interest.**

Where a note due in one year with ten per cent. interest from date is not paid when due it will only draw six per cent. interest after due, for the reason that the maker did not contract to pay any interest after the note should become due, or until it should be paid.

## APPEAL FROM OHIO CIRCUIT COURT.

### October 26, 1876.

OPINION BY JUDGE ELLIOTT:

This action was brought by appellee against Tyler Griffin, executor of Frank Griffin, and Henry D. McHenry, for the recovery of the amount of a promissory note for three hundred dollars executed by said Frank Griffin and McHenry on the 23rd day of August, 1872, and payable one year after date, with interest at the rate of 10 per cent. from date.

The petition charges that Frank Griffin died on the —— day of ——, 1874, and that proper affidavit and demand had been made of appellant, Tyler Griffin, his executor; but the affidavit annexed to said note and made a part of appellee's petition shows that it was made February 7, 1876, which was more than one year after the death of the decedent. The first question presented is whether the judgment for interest against appellant, Tyler Griffin, as executor of decedent, was proper. It is provided by Sec. 53, Chap. 39, Art. 1, Gen. Stat., that "No interest accruing after his death shall be allowed or paid on any claim against a decedent's estate, unless the claim be verified and authenticated as required by law and demand of the executor, administrator, or curator, within one year after his appointment."

If Frank Griffin departed this life in 1874, as charged in appellee's petition, the affidavit and demand must have been made more than one year after his executor's appointment, as it was not made until February 7, 1876, and consequently no interest should have been adjudged against his executor, Tyler Griffin, on said note, after the death of his testator. But appellants complain that interest at the rate of 10 per cent. was adjudged against them from the time the claim became due till the same should be collected by the coercive process of the law. By the terms of the contract the obligors only bound themselves to pay 10 per cent. interest on the claim for one year, and at the end of said time they promised to pay the entire debt and accrued interest; and as they did not agree in writing to pay 10 per cent. interest after the claim of appellee became due, the judgment for such interest must be deemed erroneous.

It will be proper for the appellee to amend his petition and show the exact time of the death of Frank Griffin, and the qualification of his executor, as he is entitled to judgment for interest on the claim up to the death of the testator, and also up to the payment of the

claim, if the affidavit and demand were made within one year after the qualification of the executor, and against McHenry up to the payment of the claim; but he is entitled to a judgment against neither except for the principal and 10 per cent. interest thereon, for one year after the execution of the note sued on, and then for 6 per cent. per annum till the same is paid.

Wherefore said judgment is *reversed* with leave to appellee to amend as indicated herein, and for further proceedings consistent with this opinion.

*McHenry & Hill, for appellants.   Fogle & Sweeney, for appellee.*